UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRYSTAL BRUCE,

       Plaintiff,

v.                                            Case No.  8:19-cv-1740-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,

       Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for a period of disability and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision failed to properly evaluate Plaintiff's subjective complaints, the Commissioner's decision is reversed.

**I.**    **Procedural Background**

Plaintiff filed an application for a period of disability and SSI (Tr. 261-64).[1] The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 117-25, 128-40). Plaintiff then requested an administrative hearing (Tr. 156-58). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 61-93). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 7-24). Subsequently,

---

[1] All references to "Tr." refer to the transcript and page numbers of the Social Security administrative record filed on January 17, 2020 (Doc. 16).

Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1982, claimed disability beginning November 23, 2006 (Tr. 261). Plaintiff has limited education (Tr. 18, 68). Plaintiff has no past relevant work experience (Tr. 18). Plaintiff alleged disability due to depression, anxiety, back and neck injury, high blood pressure, dizziness, and obesity (Tr. 117, 128).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since May 19, 2015, the application date (Tr. 12). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, lumbar sprain/strain, hypertension, obstructive sleep apnea, morbid obesity, depressive disorder not otherwise specified, and anxiety disorder not otherwise specified (Tr. 12). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 13). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform a limited range of sedentary work as defined in 20 C.F.R. § 416.967(b) (Tr. 14). The ALJ determined that function by function, Plaintiff can lift and/or carry 10 pounds occasionally and smaller items frequently, stand and/or walk 2 hours in a workday, and sit 6 hours in a workday with the need to alternate between sitting and standing

approximately every 45 minutes for 1-3 minutes; can never climb ladders, ropes, or scaffolds; and can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; can occasionally reach overhead with the bilateral upper extremities; must avoid even moderate exposure to hazards, temperature extremes, and pulmonary irritants; and is limited to simple and routine tasks (Tr.14-15). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 18).

Given Plaintiff's background and RFC, the vocational expert ("VE") testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a lens block gauger, lens inserter, and stone setter (Tr. 19). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 19).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological

abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305

U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.   Analysis**

Plaintiff argues that the ALJ erred by not properly considering Plaintiff's complaints of excessive daytime somnolence and that the ALJ's evaluation of Plaintiff's assertion that she required a bariatric chair as an accommodation to performing work is not supported by substantial evidence. For the reasons that follow, the Court finds that the ALJ failed to properly evaluate Plaintiff's subjective complaints.

### A. Subjective Complaints of Excessive Daytime Somnolence

Plaintiff asserts that it was error for the ALJ not to discuss her complaints of excessive daytime somnolence. Plaintiff contends that the ALJ does not have to accept the claimant's testimony, but there has to be at least some explanation as to why the testimony was not accepted. Specifically, Plaintiff points to the following complaints of uncontrollable urges to sleep in the record: (1) Plaintiff advised in her report submitted to the State Disability Determination Services that her activities of daily living consisted mostly of sleeping or being in bed (Tr. 303, 307, 309); (2) Plaintiff's hearing testimony that she was always tired (Tr. 72), her daily activities consist mostly of sleeping (Tr. 78), she could not stay awake and every day she would fall asleep during the daytime (Tr. 81), sometimes she would fall asleep for 30 minutes and sometimes for a couple of hours (Tr. 81), the circumstances were not that she was tired and decided to take a nap, but that she would just fall asleep (Tr. 81), and she went for a sleep study because her doctor advised her to do so (Tr. 81-82); and (3) Plaintiff underwent a sleep study in 2018 and the results were severe obstructive sleep apnea, not corrected with the initiation of CPAP therapy (Tr. 459-61). Plaintiff also cites to the VE's hearing testimony regarding whether the claimant could perform the jobs the VE identified in response to the ALJ's hypothetical if Plaintiff were to fall asleep for 15 minutes a day at unpredictable times (Tr. 89). The VE responded that generally employers frown on having to awaken someone in the middle of the workday, so they would probably be dismissed (Tr. 89).

In determining whether a claimant is disabled, the ALJ considers all symptoms, including pain, and the extent to which those symptoms are reasonably consistent with

the objective medical evidence and other evidence. [2] 20 C.F.R. § 416.929(a). When a claimant attempts to establish disability based on her subjective complaints, she must provide evidence of an underlying medical condition and either objective medical evidence confirming the severity of the alleged symptoms or that the medical condition could be reasonably expected to give rise to the alleged symptoms. *See* 20 C.F.R. § 416.929(a); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); SSR 16-3p, 2017 WL 5180304, at *3-4. If the claimant establishes that she has an impairment that could reasonably be expected to produce her alleged symptoms, then the intensity and persistence of her alleged symptoms and their effect on her ability to work must be evaluated. *See* 20 C.F.R. § 416.929(c); *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); SSR 16-3p, 2017 WL 5180304, at *3-4. "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." *Davis v. Astrue*, 287 F. App'x 748, 760 (11th Cir. 2008); *see also* 20 C.F.R. § 416.929(c).

Here, Plaintiff provided evidence of an underlying medical condition, severe obstructive sleep apnea, that could reasonably be expected to give rise to the alleged

---

[2] In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA eliminated the use of the term "credibility" from its sub-regulatory policy, as the Regulations do not use this term. SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017). This change "clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." *Id.*

7

excessive daytime somnolence. *See, e.g.,* SSR 02-01p, 2002 WL 34686281, at *6 ("[S]ome people with obesity may have sleep apnea. This can lead to drowsiness and lack of mental clarity during the day."). Having provided evidence of an underlying medical condition that can be reasonably expected to give rise to the alleged symptoms, it is then incumbent upon the ALJ to articulate explicit and adequate reasons for rejecting the claimant's subjective testimony. *Dyer*, 395 F.3d at 1210. Importantly, the ALJ's "determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable" a court to conclude that the ALJ considered the plaintiff's medical condition as a whole. *Id.* (internal quotation marks and citation omitted); *see Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 740 (11th Cir. 2017) (quoting *Dyer*, 395 F.3d at 1210). In other words, there must be more than boilerplate language explaining the ALJ's decision to not fully credit the plaintiff's testimony. *See Dyer*, 395 F.3d at 1210-11; *Tieniber v. Heckler,* 720 F.2d 1251, 1255 (11th Cir. 1983) (stating that "where proof of a disability is based upon subjective evidence . . . the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding"). A reviewing court will not disturb a clearly articulated finding regarding a claimant's subjective complaints supported by substantial evidence in the record. *Foote*, 67 F.3d at 1562.

Here, the ALJ relied on boilerplate language in assessing Plaintiff's subjective complaints:

> The undersigned finds the residual functional capacity more than adequately considers the claimant's subjective allegations, but only those allegations that could be supported by the medical evidence of record. After careful consideration of the evidence, the undersigned finds that the claimant's

8

>  medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 18). This evaluation of Plaintiff's subjective complaints, however, is insufficient. It amounts to a broad rejection that is not enough to enable the Court to conclude that the ALJ considered Plaintiff's medical condition as a whole. The Commissioner's failure to give the reviewing court sufficient reasoning for determining that she has conducted the proper legal analysis mandates reversal. *Keeton*, 21 F.3d at 1066. Accordingly, remand is necessary on this ground. If Plaintiff's subjective complaints are rejected on remand, the reasons should be clearly expressed.

### B. Bariatric Chair Accommodation

Plaintiff's remaining issue is without merit. Plaintiff contends that she cannot perform the jobs the VE identified because of her purported need for a special chair to accommodate her weight. Claimant is 5'5" tall and weighs 455 pounds (Tr. 37). At the hearing, Plaintiff's counsel asked the VE about a special chair to accommodate her obesity (Tr. 90). The VE responded that it depended on the employer as to whether the chair would be a workplace accommodation or not (Tr. 91). Plaintiff argues that based on the testimony of the VE, "it is apparent that the claimant would not be able to perform the job she identified, in a chair typically used for those jobs" (Doc. 25 at 10). In other words, Plaintiff asserts that if Plaintiff needs this type of accommodation, Plaintiff cannot perform the job as it is generally performed in the national economy. Plaintiff, however, fails to cite to any supporting legal authority to support this premise. *See Buttram v. Soc. Sec.*

9

*Admin., Comm'r*, 594 F. App'x 569, 572 (11th Cir. 2014) (the court will not consider an issue raised in passing or in a way that the eschews legal argument or authority). In fact, other district courts in this circuit have rejected similar arguments regarding the need to accommodate a claimant's weight with a special chair. *See, e.g., McLaughlin v. Astrue*, No. 8:08-cv-2047-T-TGW, 2009 WL 4573456, at *4 (M.D. Fla. Dec. 7, 2009) (rejecting challenge to ALJ's step five finding based on purported need for special chair due to claimant's size); *see also Harry v. Colvin*, No. 1:15-cv-1514-JFK, 2016 WL 4708009, at *17 (N.D. Ga. Sept. 8, 2016). Moreover, Plaintiff did not introduce any evidence from a medical or vocational source establishing that she requires such an accommodation. Plaintiff relies solely on her attorney's statements to the VE (Tr. 90-91). This is insufficient to meet Plaintiff's burden of proving that she cannot perform the jobs identified by the ALJ. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### V.     Conclusion

Accordingly, after consideration, it is hereby **ORDERED**:

1. The decision of the Commissioner is reversed and remanded for further proceedings.

2. The Clerk is directed to enter final judgment in favor of the Plaintiff and close the case.

**ORDERED** in Tampa, Florida, on this 22nd day of March, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE