UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRYSTAL BRUCE,

    Plaintiff,

v.                                        Case No. 8:19-cv-1740-SPF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff's Attorney's Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 31) is before the Court. On March 22, 2021, the Court entered an order reversing and remanding the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 26). The Court then awarded Plaintiff's attorney $3,689.90 in fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (Doc. 29). Upon remand, the Commissioner issued another unfavorable decision. Plaintiff then filed a second appeal to the U.S. District Court for the Middle District of Florida, and that appeal resulted in another order reversing and remanding the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). *See* Doc. 21, *Crystal Bruce v. Commissioner of Social Security*, No. 8:23-cv-1397-CPT (M.D. Fla. Sept. 27, 2023). The Court then awarded Plaintiff's attorney $1,076.38 in additional fees under the EAJA. *See* Doc. 24, *Crystal Bruce v. Commissioner of Social Security*, No. 8:23-cv-1397-CPT (M.D. Fla. Nov. 29, 2023). After the second remand, the Commissioner issued a favorable decision resulting in an award of past-due benefits to Plaintiff. Counsel now seeks § 406(b) fees in the amount of $14,911.74 (Doc. 31).

Plaintiff has filed nearly identical motions for attorney's fees in this action and in the second federal action. *See* Doc. 26, *Crystal Bruce v. Commissioner of Social Security*, No. 8:23-cv-1397-CPT (M.D. Fla. Oct. 4, 2024). Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant in a social security matter, the court may award the claimant's attorney a reasonable fee for his representation. Such fee is not to exceed twenty-five percent of the retroactive benefits to which the claimant is entitled *by reason of such judgment*. 42 U.S.C. § 406(b). "If a judgment does not result in an award of past-due benefits, either by its terms or by the further proceedings that occur before the Administration as a direct result of that judgment," then a claimant is not entitled to fees under § 406(b). *Karen O. v. Comm'r of Soc. Sec.*, No. 1:19-cv-1093, 2024 WL 3429905, at *4 (S.D. Ohio July 16, 2024). "And perhaps more relevant here, if a later court eventually awards benefits somewhere down the line, any past-due benefits are awarded 'by reason of' that *later* court's judgment, not some court farther back in the litigation timeline." *Id.* (emphasis in original); *see also Daniels v. Saul*, No. 16-cv-10390, 2021 WL 3030137, at *2–3 (E.D. Mich. July 19, 2021) (denying request for fees as the matter—the earlier of two companion cases—did not result in an award of benefits on remand).

As set forth above, the remand in this case resulted in a denial of benefits by the ALJ, and had Plaintiff not again appealed that denial, she would not have been awarded past-due benefits. It was only because Plaintiff did again appeal, and only because of a separate

2

remand, that Plaintiff was awarded past due benefits. Thus, Plaintiff's request for attorney's fees in this case is denied.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Attorney's Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 31) is **DENIED**.

**ORDERED** in Tampa, Florida, on November 6, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE